FILED

08 MAY 15 PM 4: 07

CLERK U.S. DISTRICT CT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ECL          DEPUTY

ORIGINAL

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2212
   Tel: 650.843.4000
4  Fax: 650.843.4001
   Email: mriechert@morganlewis.com
5
   ROBERT J. HUDOCK, State Bar No. 208633
6  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
7  Twenty-Second Floor
   Los Angeles, CA 90071-3132
8  Tel: 213.612.2500
   Fax: 213.612.2501
9  Email: rhudock@morganlewis.com

10 Attorneys for Defendant
   AllianceOne, Inc.

11

12          UNITED STATES DISTRICT COURT          FAXED

13        SOUTHERN DISTRICT OF CALIFORNIA

14

15 SONIA FLORES,                    Case No. '08 CV 0874 BTM POR

16          Plaintiff,              NOTICE OF REMOVAL OF ACTION;
                                    DECLARATION OF HARRY
17    vs.                           NEERENBERG IN SUPPORT OF
                                    REMOVAL
18 ALLIANCEONE, INC., Does I through V,
                                    28 U.S.C. § 1441(b) (DIVERSITY)
19          Defendants.

20 TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

21 DISTRICT OF CALIFORNIA:

22          PLEASE TAKE NOTICE THAT Defendant AllianceOne, Inc. ("Defendant") submits this

23 Notice of Removal and, pursuant to 28 U.S.C. § 1441, hereby removes to this Court the state

24 action described below:

25          1.      On or about March 25, 2008, an action was commenced in the Superior Court of

26 the State of California in and for the County of San Diego, entitled Sonia Flores v. AllianceOne,

27 Inc., and Does I through V, alleging termination in violation of public policy, breach of implied

28 contract of continued employment, and breach of implied covenant of good faith and fair dealing.



1    A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2         2.    On or about March 27, 2008, counsel for Plaintiff Sonia Flores mailed copies of a

3    Summons, the Complaint, a Civil Case Cover Sheet, and Alternative Dispute Resolution

4    information to counsel for Defendant, along with a Notice and Acknowledgment of Receipt.  On

5    April 16, 2008, counsel for Defendant signed the Notice of Acknowledgement of Receipt,

6    acknowledging receipt of the foregoing documents.  True and correct copies of the signed Notice

7    and Acknowledgment of Receipt and the documents Defendants acknowledged receiving are

8    attached hereto as **Exhibit 2**.

9         3.    On May 15, 2008, Defendant filed an Answer to Plaintiff's Complaint in the

10    Superior Court of California, County of San Diego.  A true and correct copy of Defendant's

11    Answer is attached hereto as **Exhibit 3**.

12         4.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that it

13    is filed within thirty (30) days from April 16, 2008, the date upon which service of the Complaint

14    upon Defendant was effective.  City of Clarksdale v. BellSouth Telecommunications, Inc., 428

15    F.3d 206, 210 (5th Cir. 2005) (holding that the date service becomes effective for purposes of

16    calculating the 30-day period for removal is determined by state law); California Code Civ. Proc.

17    §415.30(c) (service of summons by mail and notice and acknowledgment of receipt is deemed

18    complete on the date the acknowledgement of receipt is signed).  No previous Notice of Removal

19    has been filed or made with this court for the relief sought herein.

20         5.    Pursuant to 28 U.S.C. §1441(b), any civil action over which the district courts of

21    the United States have original jurisdiction may be removed from state to federal court.

22         6.    This Court has original jurisdiction under 28 U.S.C. §1332(a) due to diversity of

23    citizenship and amount in controversy:

24              (a)    Complete diversity between the parties exists.  Plaintiff Sonia Flores

25    ("Plaintiff"), at the time this action was commenced, was and still is a citizen of the State of

26    California.  Defendant AllianceOne is, and was at the time of the institution of this civil action, a

27    corporation organized and existing under and by virtue of the laws of the State of Delaware.

28    Declaration of Harry Neerenberg in Support of Removal ("Neerenberg Decl."), attached hereto as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993241.1                              2                    NOTICE OF REMOVAL

1    **Exhibit 4, ¶ 3.** Furthermore, Defendant AllianceOne has its principal place of business in the

2    State of Pennsylvania. Neerenberg Decl. ¶¶4-8. AllianceOne was not and is not incorporated

3    under the laws of the State of California, wherein this action was brought. AllianceOne's

4    operations in Minnesota, Washington, and Pennsylvania each have more employees and more

5    revenues than its operations in California. Id., ¶¶6-7. AllianceOne also owns more property in

6    each of the states of Minnesota, Washington, and Pennsylvania than it does in California. Id., ¶8.

7    AllianceOne is therefore a citizen of Delaware and Pennsylvania, and not of California, for

8    purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

9            (b)    The inclusion of "Doe" defendants in Plaintiff's state court complaint have

10    no effect on removability. Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir.

11    1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants

12    sued under fictitious names shall be disregarded). In determining whether diversity of citizenship

13    exists, only the named defendants are considered. Id.

14            (c)    The amount in controversy exceeds the sum or value of $75,000, exclusive

15    of interests and costs. Plaintiff alleges in her Complaint that she was terminated in violation of

16    public policy, and that as a result, she has suffered harm, including lost earnings and other

17    employment benefits, humiliation, embarrassment, and mental anguish, all to her damage, in the

18    sum of $250,000.00 or in an amount to be established at trial. (Exhibit A, 4:21-25.) Plaintiff also

19    alleges that Defendant breached a covenant of good faith and fair dealing, and that as a result, she

20    has suffered and continues to suffer "losses and employment benefits," all to her damage in the

21    sum of $250,000.00 or in an amount to be established at trial. (Exhibit A, 7:5-9.)

22        7.    The Complaint and Answer attached to this Notice constitute all the process,

23    pleadings, and orders filed in this action in San Diego County Superior Court and of which

24    Defendant has knowledge to date.

25        8.    This district embraces the county in which the removed action has been pending.

26        9.    Defendant will promptly serve Plaintiff with this Notice of Removal and will

27    promptly file a copy of this Notice of Removal with the clerk of the state court in which the

28    action is pending, as required under 28 U.S.C. § 1446(d).

1    WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

2    in 28 U.S.C. § 1446, Defendant prays that the above-captioned action in the Superior Court of the

3    State of California in and for the County of San Diego be removed therefrom to this Court.

4

5    Dated: May 16, 2008                              MORGAN, LEWIS & BOCKIUS LLP
                                                       MELINDA S. RIECHERT
6                                                      ROBERT J. HUDOCK

7

8                                                      By
                                                          Robert J. Hudock
9                                                         Attorneys for Defendant
                                                          AllianceOne, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Lynn H. Ball, Esq.
Bar No. 056497
1560 Scott Street
San Diego, CA 92106
619-225-1914
619-225-1720 - fax

Attorney for Plaintiff Sonia Flores

FILED

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO
Central Branch - Civil Division

| | |
|---|---|
| SONIA FLORES,<br><br>                Plaintiff,<br><br>vs.<br><br>ALLIANCEONE, INC.,<br>a corporation licensed to do<br>business in California,<br>and Does I through V,<br><br>                Defendants. | Case No. 37-2008-00080585-CU-WT-CTL<br><br>COMPLAINT FOR DAMAGES FOR<br>TORTIOUS DISCHARGE IN<br>VIOLATION OF PUBLIC POLICY<br>BREACH OF CONTRACT; BREACH<br>OF THE COVENANT OF GOOD FAITH<br>AND FAIR DEALING<br><br>(Amount Demanded Exceeds $10,000.00) |

Plaintiff alleges:

1.  Defendant AllianceOne, Inc. is a corporation licensed to do business in the State of California. Defendant AllianceOne is, and at all times mentioned herein was, a corporation licensed to do business in the State of California and was doing business in San Diego County, California and specifically doing business in downtown San Diego, California.

2.  Does I through V were at all times relevant herein employees, agents and/or members of the Board of Directors of Defendant AllianceOne, Inc. Plaintiff is ignorant of the true

Exhibit 1, Page 5

1

1 names and capacities of defendants sued as Does I through V

2 inclusive, and therefore, sues these defendants by such fictitious

3 names.  Plaintiff will pray leave of this Court to amend this

4 Complaint to allege the true names and capacities when ascertained.

5     3. Plaintiff is informed and believes and based thereon,

6 alleges that each of the defendants herein was at all times,

7 relevant to this action, the agent, employee, representing partner

8 or joint venture of the remaining defendants and was acting within

9 the course and scope of that relationship.  Plaintiff is further

10 informed and believes, and thereon alleges, that each of the

11 defendants herein gave consent to, ratified, and authorized the

12 acts alleged herein to each of the remaining defendants.

13 **FIRST CAUSE OF ACTION**

14 **Termination in Violation of Public Policy**

15     4.  From January 4, 2000 until January 7th of 2008, plaintiff

16 was employed by defendant as a collection agent; from January 4,

17 2000 until June of 2000, and then in June of 2000, as a supervisor

18 in the downtown division of defendant's corporation.  Defendant's

19 corporation acts as a collection agent for municipalities in county

20 governments for fines and other matters coming before the Court.

21 From June, 2000 through January, 2008, plaintiff served as a

22 supervisor in various departments for defendant corporation and in

23 her final supervisory position, she was supervisor in charge of

24 skip-tracing in the division headquarters in San Diego.

25     5.  Throughout plaintiff's employment, she suffered from

26 sexual discrimination and on occasion, sexual harassment, from

27 supervisors who managed her. Examples of sexual discrimination

28

2

*Complaint for Damages*

Exhibit 1, Page 6

1   include males being promoted to managerial positions as opposed to
2   females.   The males had much less experience and less education
3   than plaintiff, but were promoted over her in spite of plaintiff's
4   superior qualifications.  Male managers on occasion, would look at
5   pornographic sites on the computers in violation of company policy
6   and print out pornographic materials in violation of company
7   policy.  In some instances, these pornographic materials were shown
8   around the office.  Plaintiff complained about these male managers
9   conducting themselves in such a fashion and part of the reason that
10  defendant was terminated on January 8, 2008 was because of her
11  complaints about this type of behavior.   Male managers played
12  favorites with young, attractive females.  For example, very young
13  and attractive females would flirt with the male managers and as a
14  result, these young and attractive females were able to take much
15  longer breaks than other employees, they were able to get special
16  privileges from the male managers, and indeed, were assigned to
17  more lucrative positions with the courts than other employees.
18  Plaintiff is an older female worker in her thirties, and because
19  she refused to flirt with the male managers, she was discriminated
20  against with regard to promotion and was discriminated against with
21  regard to her evaluations.  When she complained about the
22  preferential treatment for young, attractive females who flirted
23  with male managers, she was told that in essence, that she was not
24  a "team player" and that if she wanted to get ahead in the company,
25  she should not "piss people off".  She was told by male managers to
26  do what was good for the company and that she needed to go along
27  with the program, in essence.
28

3

*Complaint for Damages*

Exhibit ___ Page ___

6.   As a result of plaintiff complaining about being discriminated against because of her sex and because of her complaints about male managers flirting with the young, attractive females and giving preferential treatment and complaining about males being given preference for managerial positions even though they were less qualified, Defendant AllianceOne, Inc. personnel moved to terminate plaintiff from her employment on January 8, 2008.

7.   The ostensible reason given for her termination was that she was being terminated because the division which she supervised was being disbanded and the work was being contracted out.   In fact, there were other jobs within the corporation which she could easily do which were available for her, but she was not offered those jobs and the reason that she was terminated from employment was because it was in retaliation for her complaints about sexual harassment and discrimination.  Therefore, as a proximate result of plaintiff's conduct as described above, and in violation of public policy as has been previously set forth, plaintiff was terminated from her employment on January 8, 2008.

8.   As a proximate result of defendant's conduct, plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to her damage, in the sum of $250,000.00 or in an amount to be established at trial.

9.   In doing the acts set forth above, defendants knew that they were violating plaintiff's rights and they knew that their conduct was in violation of public policy of the State of

4

Exhibit __ Page __

California, that being discrimination because of plaintiff's sex.
This oppressive conduct was committed by Mark Lombardo, a managing
agent of defendant corporation and therefore defendant's conduct
warrants the assessment of punitive damages.

SECOND CAUSE OF ACTION

Breach of Implied Contract of Continued Employment

10. Plaintiff repleads Paragraphs One Through Nine as though
fully set forth herein.

11. Plaintiff was employed by defendant for eight years,
consistently received either good or excellent performance
evaluations and merit raises, and was assured on numerous occasions
that she would not be terminated arbitrarily. Specifically, she
volunteered to travel to Arizona to manage the Arizona office and
was told that her willingness to travel to Arizona and straighten
out the Arizona office and live there temporarily for weeks at a
time would not be forgotten and that it would be taken into
account.

12. Based on all representations and promises which were
implied, plaintiff had an employment contract with defendant that
she would be employed by defendant so long as her performance was
satisfactory and that defendant would not discharge her without
good and just cause.

13. The terms of this implied employment contract included,
but were not limited to, that defendant would not demote or
discharge plaintiff without good cause and fair warning based on
objective, reasonable job evaluations of plaintiff.

///

5

*Complaint for Damages*

14.   Plaintiff at all times fulfilled her duties and conditions under the contract and had been ready, willing and able to continue performing them in a competent and satisfactory manner.

### THIRD CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

15.   Plaintiff repleads Paragraphs One Through Fourteen of the First and Second Causes of Action as though fully set forth herein.

16.   The implied employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that she agreed to perform or any act that would deprive plaintiff of the benefits of the contract.

17.   Plaintiff was employed by defendant for eight years and reasonably relied upon the statements of her managers and supervisors that her good work would not be forgotten and that her willingness to relocate temporarily and to live in Arizona for weeks at a time would not be forgotten.

18.   Plaintiff performed all of her duties conditions of the employment agreement.

19.   Defendant knew that plaintiff had performed all of her duties and conditions under the contract.

20.   Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by discharging plaintiff intentionally, maliciously, without probable cause and in

Exhibit ___/___, Page /0

1  bad faith and for reasons extraneous to the contract; specifically,

2  in retaliation for her complaints about sexual discrimination in

3  the company and her refusal to be a "team player" by refusing to

4  ignore sexual discrimination and sexual harassment.

5      21.   As a proximate result of the defendant's breach of

6  implied covenant of good faith and fair dealing, plaintiff has

7  suffered and continues to suffer losses and employment benefits,

8  all to her damage in the amount of $250,000.00 or in an amount to

9  be established at trial.   As a further proximate result of

10 defendant's breach of the implied covenant of good faith and fair

11 dealing, plaintiff has incurred reasonable attorney's fees in

12 attempting to secure the benefits owed her under the employment

13 contract.

14     WHEREFORE, plaintiff prays judgment against defendants and

15 each of them as follows:

16     1.   For damages for breach of contract according to

17         proof, including lost earnings and other employee

18         benefits, past and future;

19     2.   For compensatory damages according to proof,

20         including lost earnings and other employee benefits,

21         costs of seeking other employment, and damages for

22         emotional distress, humiliation and mental anguish;

23     3.   For interest on lost earnings and benefits at the

24         current legal rate from January 8, 2008 until trial;

25     4. For punitive damages in an amount appropriate to

26         punish defendant and others from engaging in similar

27         misconduct;

28

7

*Complaint for Damages*

Exhibit ___, Page 11

1    5.  For reasonable attorney's fees incurred by plaintiff

2    in obtaining the benefits due her under the employment

3    contract by defendant;

4    6.  For costs of suit incurred by plaintiff and for such

5    other and further relief as the court deems proper.

6

7

8    Date: March 13, 2008

Lynn H. Ball
Attorney for Plaintiff Flores

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

*Complaint for Damages*

Exhibit __1__ Page _12_

**EXHIBIT 2**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lynn H. Ball, Esq.<br>Bar No. 056497<br>1560 Scott Street, San Diego, CA 92106<br>TELEPHONE NO.: 619-225-1914  FAX NO.: 619-225-1720<br>ATTORNEY FOR *(Name):* Plaintiff Sonia Flores | (court stamp) |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central Branch | |

| CASE NAME:<br>Sonia Flores v. AllianceOne, Inc., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2008-00080585-CU-WT-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [✓] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monatary  b. [ ] nonmonetary: declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2008

Lynn H. Ball
(TYPE OR PRINT NAME)  ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 2, Page 13

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case (non-tort/non-complex)
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit 2, Page 14

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AllianceOne, Inc., a corporation licensed to do business in California,

and Does I through V

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sonia Flores

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of the State of California, County of San Diego <br> 330 W. Broadway, San Diego, CA 92101 | **CASE NUMBER:** <br> *(Número del Caso):*    37-2008-00080585-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lynn H. Ball, Esq., 1560 Scott Street, San Diego, CA 92106; (619) 225-1914

| | | | |
|---|---|---|---|
| DATE: **MAR 2 5 2008** <br> *(Fecha)* | Clerk, by **SANDRA VILLANUEVA** <br> *(Secretario)* | | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

  under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
  [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
  [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)

  [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004]

**SUMMONS**

American LegalNet, Inc. | www.USCourtForms.com

Exhibit 2, Page 15

1  Lynn H. Ball, Esq.
   Bar No. 056497
2  1560 Scott Street
   San Diego, CA 92106
3  619-225-1914
   619-225-1720 - fax
4
   Attorney for Plaintiff Sonia Flores
5

6

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN DIEGO
                   Central Branch - Civil Division
10

11  SONIA FLORES,                    )    Case No. 37-2008-00080585-CU-WT-CTL
                                      )
12          Plaintiff,               )    COMPLAINT FOR DAMAGES FOR
                                      )    TORTIOUS DISCHARGE IN
13  vs.                              )    VIOLATION OF PUBLIC POLICY
                                      )    BREACH OF CONTRACT; BREACH
14  ALLIANCEONE, INC.,               )    OF THE COVENANT OF GOOD FAITH
    a corporation licensed to do     )    AND FAIR DEALING
15  business in California,          )
    and Does I through V,            )
16                                    )    (Amount Demanded Exceeds $10,000.00)
            Defendants.              )
17  _____)

18       Plaintiff alleges:

19       1.  Defendant AllianceOne, Inc. is a corporation licensed to

20  do business in the State of California.  Defendant AllianceOne is,

21  and at all times mentioned herein was, a corporation licensed to do

22  business in the State of California and was doing business in San

23  Diego County, California and specifically doing business in

24  downtown San Diego, California.

25       2.  Does I through V were at all times relevant herein

26  employees, agents and/or members of the Board of Directors of

27  Defendant AllianceOne, Inc.  Plaintiff is ignorant of the true

28

                                    1

1  names and capacities of defendants sued as Does I through V

2  inclusive, and therefore, sues these defendants by such fictitious

3  names.   Plaintiff will pray leave of this Court to amend this

4  Complaint to allege the true names and capacities when ascertained.

5       3. Plaintiff is informed and believes and based thereon,

6  alleges that each of the defendants herein was at all times,

7  relevant to this action, the agent, employee, representing partner

8  or joint venture of the remaining defendants and was acting within

9  the course and scope of that relationship.  Plaintiff is further

10  informed and believes, and thereon alleges, that each of the

11  defendants herein gave consent to, ratified, and authorized the

12  acts alleged herein to each of the remaining defendants.

13                        **FIRST CAUSE OF ACTION**

14            **Termination in Violation of Public Policy**

15       4.  From January 4, 2000 until January 7th of 2008, plaintiff

16  was employed by defendant as a collection agent; from January 4,

17  2000 until June of 2000, and then in June of 2000, as a supervisor

18  in the downtown division of defendant's corporation.  Defendant's

19  corporation acts as a collection agent for municipalities in county

20  governments for fines and other matters coming before the Court.

21  From June, 2000 through January, 2008, plaintiff served as a

22  supervisor in various departments for defendant corporation and in

23  her final supervisory position, she was supervisor in charge of

24  skip-tracing in the division headquarters in San Diego.

25       5.   Throughout plaintiff's employment, she suffered from

26  sexual discrimination and on occasion, sexual harassment, from

27  supervisors who managed her. Examples of sexual discrimination

28

2

*Complaint for Damages*

Exhibit __2__ , Page __17__

1  include males being promoted to managerial positions as opposed to
2  females.   The males had much less experience and less education
3  than plaintiff, but were promoted over her in spite of plaintiff's
4  superior qualifications.  Male managers on occasion, would look at
5  pornographic sites on the computers in violation of company policy
6  and print out pornographic materials in violation of company
7  policy.  In some instances, these pornographic materials were shown
8  around the office.  Plaintiff complained about these male managers
9  conducting themselves in such a fashion and part of the reason that
10  defendant was terminated on January 8, 2008 was because of her
11  complaints about this type of behavior.   Male managers played
12  favorites with young, attractive females.  For example, very young
13  and attractive females would flirt with the male managers and as a
14  result, these young and attractive females were able to take much
15  longer breaks than other employees, they were able to get special
16  privileges from the male managers, and indeed, were assigned to
17  more lucrative positions with the courts than other employees.
18  Plaintiff is an older female worker in her thirties, and because
19  she refused to flirt with the male managers, she was discriminated
20  against with regard to promotion and was discriminated against with
21  regard to her evaluations. When she complained about the
22  preferential treatment for young, attractive females who flirted
23  with male managers, she was told that in essence, that she was not
24  a "team player" and that if she wanted to get ahead in the company,
25  she should not "piss people off".  She was told by male managers to
26  do what was good for the company and that she needed to go along
27  with the program, in essence.
28

3

*Complaint for Damages*

6.    As a result of plaintiff complaining about being discriminated against because of her sex and because of her complaints about male managers flirting with the young, attractive females and giving preferential treatment and complaining about males being given preference for managerial positions even though they were less qualified, Defendant AllianceOne, Inc. personnel moved to terminate plaintiff from her employment on January 8, 2008.

7.    The ostensible reason given for her termination was that she was being terminated because the division which she supervised was being disbanded and the work was being contracted out.    In fact, there were other jobs within the corporation which she could easily do which were available for her, but she was not offered those jobs and the reason that she was terminated from employment was because it was in retaliation for her complaints about sexual harassment and discrimination.    Therefore, as a proximate result of plaintiff's conduct as described above, and in violation of public policy as has been previously set forth, plaintiff was terminated from her employment on January 8, 2008.

8.    As a proximate result of defendant's conduct, plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to her damage, in the sum of $250,000.00 or in an amount to be established at trial.

9.    In doing the acts set forth above, defendants knew that they were violating plaintiff's rights and they knew that their conduct was in violation of public policy of the State of

4

1  California, that being discrimination because of plaintiff's sex.

2  This oppressive conduct was committed by Mark Lombardo, a managing

3  agent of defendant corporation and therefore defendant's conduct

4  warrants the assessment of punitive damages.

<u>SECOND CAUSE OF ACTION</u>

<u>Breach of Implied Contract of Continued Employment</u>

7  10. Plaintiff repleads Paragraphs One Through Nine as though

8  fully set forth herein.

9  11. Plaintiff was employed by defendant for eight years,

10 consistently received either good or excellent performance

11 evaluations and merit raises, and was assured on numerous occasions

12 that she would not be terminated arbitrarily. Specifically, she

13 volunteered to travel to Arizona to manage the Arizona office and

14 was told that her willingness to travel to Arizona and straighten

15 out the Arizona office and live there temporarily for weeks at a

16 time would not be forgotten and that it would be taken into

17 account.

18 12. Based on all representations and promises which were

19 implied, plaintiff had an employment contract with defendant that

20 she would be employed by defendant so long as her performance was

21 satisfactory and that defendant would not discharge her without

22 good and just cause.

23 13. The terms of this implied employment contract included,

24 but were not limited to, that defendant would not demote or

25 discharge plaintiff without good cause and fair warning based on

26 objective, reasonable job evaluations of plaintiff.

27 ///

28

5

14. Plaintiff at all times fulfilled her duties and conditions under the contract and had been ready, willing and able to continue performing them in a competent and satisfactory manner.

### THIRD CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

15. Plaintiff repleads Paragraphs One Through Fourteen of the First and Second Causes of Action as though fully set forth herein.

16. The implied employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that she agreed to perform or any act that would deprive plaintiff of the benefits of the contract.

17. Plaintiff was employed by defendant for eight years and reasonably relied upon the statements of her managers and supervisors that her good work would not be forgotten and that her willingness to relocate temporarily and to live in Arizona for weeks at a time would not be forgotten.

18. Plaintiff performed all of her duties conditions of the employment agreement.

19. Defendant knew that plaintiff had performed all of her duties and conditions under the contract.

20. Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by discharging plaintiff intentionally, maliciously, without probable cause and in

6

*Complaint for Damages*

bad faith and for reasons extraneous to the contract; specifically, in retaliation for her complaints about sexual discrimination in the company and her refusal to be a "team player" by refusing to ignore sexual discrimination and sexual harassment.

21. As a proximate result of the defendant's breach of implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer losses and employment benefits, all to her damage in the amount of $250,000.00 or in an amount to be established at trial. As a further proximate result of defendant's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed her under the employment contract.

WHEREFORE, plaintiff prays judgment against defendants and each of them as follows:

1. For damages for breach of contract according to proof, including lost earnings and other employee benefits, past and future;

2. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation and mental anguish;

3. For interest on lost earnings and benefits at the current legal rate from January 8, 2008 until trial;

4. For punitive damages in an amount appropriate to punish defendant and others from engaging in similar misconduct;

1    5.  For reasonable attorney's fees incurred by plaintiff

2    in obtaining the benefits due her under the employment

3    contract by defendant;

4    6.  For costs of suit incurred by plaintiff and for such

5    other and further relief as the court deems proper.

6

7

8    Date: March 13, 2008

Lynn H. Ball
Attorney for Plaintiff Flores

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

*Complaint for Damages*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):   Sonia Flores |
|---|
| DEFENDANT(S): Alliance Inc |
| SHORT TITLE:   FLORES VS. ALLIANCE INC |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2008-00080585-CU-WT-CTL |
|---|---|

Judge: Luis R. Vargas                                                              Department: C-63

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                           ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                    Date: _____

_____                 _____
Name of Plaintiff                                          Name of Defendant

_____                 _____
Signature                                                 Signature

_____                 _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____                 _____
Signature                                                 Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 03/25/2008                                        _____
                                                           JUDGE OF THE SUPERIOR COURT
                                                                                    Page: 1

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

3

Exhibit 2, Page 24

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Lynn H. Ball, Esq.          Bar No. 056497
1560 Scott Street
San Diego, CA 92106
TELEPHONE NO. 619-225-1914          FAX NO. *(Optional):* 619-225-1720
E-MAIL ADDRESS *(Optional):* lhball@sbcglobal.net
ATTORNEY FOR *(Name):* Plaintiff Sonia Flores

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Sonia Flores

DEFENDANT/RESPONDENT: AllianceOne, Inc., a corporation & Does I through V

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-000 80585<br>CU-WT-CTL |
|---|---|

TO *(insert name of party being served):* Melinda S. Riechert, Esq.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March      , 2008

Lynn H. Ball, Esq.
          *(TYPE OR PRINT NAME)*          ▶          *(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)*

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
          Civil Case Cover Sheet, Alternative Dispute Resolution information

*(To be completed by recipient):*

Date this form is signed: 4/16/08

MELINDA RIECHERT
*(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,*          ▶          *(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF*
*ON WHOSE BEHALF THIS FORM IS SIGNED)*          *ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

Exhibit 2  Page 25

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Lynn H. Ball, Esq. <br> Bar No. 056497 <br> 1560 Scott Street <br> San Diego, CA 92106 <br> TELEPHONE NO. *(Optional)*: 619-225-1914    FAX NO. *(Optional)*: 619-225-1720 <br> E-MAIL ADDRESS *(Optional)*: lhball@sbcglobal.net <br> ATTORNEY FOR *(Name)*: Plaintiff Sonia Flores | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |  |
|---|---|
| ☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 <br> ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 <br> ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 <br> ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 <br> ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |

| PLAINTIFF(S) <br> Sonia Flores | JUDGE: *Luis VARGAS* |
|---|---|
| DEFENDANT(S) <br> AllianceOne, Inc., a corporation & Does I through V | DEPT: 63 |
| **CERTIFICATE OF SERVICE** <br> (San Diego Superior Court Rules, Division II, Rule 2.5) | CASE NUMBER <br> 37-2008-000805585-CU-WT-CTL |

 

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with San Diego Superior Court Rules, Division II, Rule 2.5.

Date: April 22, 2008

_____

Signature

Lynn H. Ball
Typed or printed name

---

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SDSC CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

SDSC CIV-145(Rev 9-02)                    **CERTIFICATE OF SERVICE**                    American LegalNet, Inc. <br> www.USCourtForms.com

Exhibit _2_, Page _26_

1                          **PROOF OF SERVICE**
                    C.C.P. §1013(A), C.R.C. 2003(3), 2005(i)
2

3   UNITED STATES OF AMERICA, STATE OF CALIFORNIA, COUNTY OF SAN DIEGO
    *FLORES V. ALLIANCEONE, INC. AND DOES I THROUGH V*
4   *SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO*
    *CASE NO. 37-2008-000805585-CU-WT-CTL*
5
          I, the undersigned, certify and declare that I am a citizen of
6   the United States, over the age of eighteen years, employed in the
    County of San Diego, State of California, and not a party to this
7   within action.  My business address is 1560 Scott Street, San
    Diego, CA 92106.
8
          On April 22, 2008, I served the foregoing documents described
9   as CERTIFICATE OF SERVICE on all interested parties in this action
    by placing the true copies thereof enclosed in sealed envelopes
10  addressed as follows:

11                        Melinda S. Riechert, Esq.
                          Morgan, Lewis & Bockius, LLP
12                        Two Palo Alto Square
                          3000 El Camino Real, #700
13                        Palo Alto, CA 94306
                          650-843-4000 - phone
14                        650-843-4001 - fax

15  _x____BY MAIL: I am "readily familiar" with the firm's practice of
    collection and processing correspondence for mailing.  Under that
16  practice, it would be deposited with the U.S. Postal Service on the
    same day with postage thereon fully prepaid at San Diego,
17  California, in the ordinary course of business.  I am aware that on
    motion of the party served, service is presumed invalid of postal
18  cancellation date or postage meter date is more than one day after
    date of deposit for mailing in affidavit.
19
          _____ BY PERSONAL SERVICE:  I caused such envelope to be delivered
20  by hand to the offices of the addressee at (by delivery to
    attorney's office).
21
          _____ BY FACSIMILE TRANSMISSION:  From Fax No. 619-225-1720 to the
22  facsimile numbers listed above.  The facsimile machine I used
    complied with Rule 2003(3), and no error was reported by the
23  machine.

24  __X___ STATE:  I declare under penalty of perjury, under the laws
    of the State of California, that the foregoing is true and correct.
25
          EXECUTED on April 22, 2008, at San Diego, California.
26

27

28
                          Lynn H. Ball

Exhibit __2__, Page 27

**EXHIBIT 3**

COPY

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.4001
   Email: mriechert@morganlewis.com
5
   ROBERT J. HUDOCK, State Bar No. 208633
6  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
7  Twenty-Second Floor
   Los Angeles, CA  90071-3132
8  Tel: 213.612.2500
   Fax: 213.612.2501
9  Email: rhudock@morganlewis.com

10 Attorneys for Defendant
   AllianceOne, Inc.

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                           COUNTY OF SAN DIEGO

14

15 SONIA FLORES,                          Case No. 37-2008-00080585-CU-WT-CTL

16              Plaintiff,                 **DEFENDANT ALLIANCEONE, INC.'S
                                           ANSWER TO PLAINTIFF'S COMPLAINT**
17      vs.
                                           Date of Filing: March 25, 2008
18 ALLIANCEONE, INC., and DOES I-V,

19              Defendants.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993236.1

1    Defendant AllianceOne, Inc. ("Defendant") hereby answers and responds to Plaintiff

2  Sonia Flores's ("Plaintiff") Complaint as follows:

3  ### GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT

4    Pursuant to Section 431.30(d) of the Code of Civil Procedure, Defendant denies, generally

5  and specifically, each, every, and all material allegations of the Complaint, each and every

6  purported cause of action set forth therein, and the whole thereof; Defendant further denies that

7  Plaintiff has been damaged in any sum or sums, or at all, or that Plaintiff has suffered, incurred,

8  or will suffer or incur any injury, damage, or loss by reason of any act, omission to act, or any

9  conduct, whether negligent, intentional, or otherwise, on the part of Defendant, and its agents or

10  employees.

11    WHEREFORE, Defendant prays for judgment as hereinafter set forth:

12  ### AFFIRMATIVE DEFENSES

13    As separate and independent affirmative defenses to each cause of action in Plaintiff's

14  Complaint, Defendant alleges as follows:

15  ### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

16

17    1.    Plaintiff is barred from recovery because the Complaint, and each and every cause

18  of action contained therein, fails to state facts sufficient to constitute a cause of action upon which

19  relief may be granted.

20  ### SECOND AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

21

22    2.    Plaintiff's claims are barred in whole or in part by the applicable statutes of

23  limitation, including, but not limited to, Code of Civil Procedure Sections 335.1, 337, and 339.

24  ### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

25

26    3.    Plaintiff has waived each and every cause of action contained in her Complaint.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993236.1

1

Exhibit 3 , Page 30

DEFENDANT ALLIANCEONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

4.    Plaintiff is estopped from maintaining her action, or recovering anything from Defendant, because of her own wrongful conduct.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

5.    Plaintiff is barred from any recovery on any claim in this action because the injuries suffered by Plaintiff, if any, are the result of her own unclean hands or wrongful conduct.

**SIXTH AFFIRMATIVE DEFENSE**
**(Workers' Compensation Exclusivity)**

6.    Plaintiff's Complaint is barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act in Labor Code §3600 *et seq.*

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

7.    Plaintiff is barred from any recovery in this action because she has failed to act reasonably to mitigate her alleged damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Constitutional Limit On Punitive Damages)**

8.    Plaintiff's claims for punitive damages are barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eight Amendment) of the United States Constitution and/or the corresponding provisions of the California Constitution.

**NINTH AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

9.    The Complaint fails to state facts sufficient to constitute a cause of action upon which punitive damages may be sought pursuant to Civil Code §3294 or on any other basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993236.1

2

Exhibit 3 , Page 31

DEFENDANT ALLIANCEONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**
**(Motivating Factor)**

10.    To the extent that the alleged violation of public policy was a motivating factor in Plaintiff's alleged adverse employment actions (which Defendant denies), Defendant's legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Same Act Regardless of Motivation)**

11.    Defendant would have taken the same actions towards Plaintiff in the absence of any alleged impermissible motivating factor (the existence of which such factor Defendant denies).

**TWELFTH AFFIRMATIVE DEFENSE**
**(Management Discretion)**

12.    Defendant's conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith – Business Necessity)**

13.    All acts of Defendant affecting the terms and conditions of Plaintiff's employment were taken in good faith and motivated by non-retaliatory, non-discriminatory, and legitimate business reasons and/or a business necessity.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(At-Will Employment)**

14.    Plaintiff was, at all times during her employment, an at-will employee, terminable at the election of her employer, with or without cause.  Labor Code §2922.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

15.    To the extent during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and

Exhibit 3, Page 35

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993236.1                                3

DEFENDANT ALLIANCEONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1    conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

2    disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages

3    or shall reduce such claims as provided by law.

4        Defendant has not yet completed a thorough investigation and study or completed

5    discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly,

6    reserves its right to amend, modify, revise, or supplement its Answer, and to plead such further

7    defenses and take such further actions as it may deem proper and necessary in its defense upon

8    the completion of said investigation and study.

9        WHEREFORE, Defendant prays:

10       1.    That Plaintiff take nothing by this action;

11       2.    That judgment be entered for Defendant;

12       3.    That Defendant be awarded its costs; and

13       4.    That this Court order such other and further relief as it deems proper.

14

15    Dated: May 15, 2008                    MORGAN, LEWIS & BOCKIUS LLP
                                             MELINDA S. RIECHERT
16                                           ROBERT J. HUDOCK

17

18                                           By
                                                  Robert J. Hudock
19                                                Attorneys for Defendant
                                                  AllianceOne, Inc.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993236.1                              4

Exhibit ___3___ , Page __33__

DEFENDANT ALLIANCEONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, 22nd Floor, Los Angeles, California 90071.

On May 15, 2008, I served the within document(s):

**DEFENDANT ALLIANCEONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Lynn H. Ball
1560 Scott Street
San Diego, CA 92106

Attorney for Plaintiff
Sonia Flores

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 15, 2008, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_Yvonne Ceballos_
Yvonne Ceballos

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993236.1                    5

Exhibit 3, Page 34

DEFENDANT ALLIANCEONE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT 4**

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
4   Fax: 650.843.4001
    Email: mriechert@morganlewis.com
5
    ROBERT J. HUDOCK, State Bar No. 208633
6   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
7   Twenty-Second Floor
    Los Angeles, CA 90071-3132
8   Tel: 213.612.2500
    Fax: 213.612.2501
9   Email: rhudock@morganlewis.com

10  Attorneys for Defendant
    AllianceOne, Inc.
11

12              UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15  SONIA FLORES,                     Case No. _____

16                  Plaintiff,        **DECLARATION OF HARRY
                                       NEERENBERG IN SUPPORT OF
17          vs.                        REMOVAL TO FEDERAL COURT BASED
                                       ON DIVERSITY JURISDICTION (28
18  ALLIANCEONE, INC., and DOES I-V,  U.S.C. §1441(b))**

19                  Defendants.

20

21

22          I, Harry Neerenberg, declare as follows:

23          1.   I am currently the Chief Financial Officer for AllianceOne, Inc., Defendant in this

24  action. As Chief Financial Officer for AllianceOne Inc., I have personal knowledge of

25  AllianceOne. Inc.'s business operations and activities. More specifically, I have personal

26  knowledge of the nature of AllianceOne's business, the state in which it is incorporated, the

27  locations of its business operations and activities, the number of AllianceOne employees and the

28  number of employees in each location, the revenues of AllianceOne, and its ownership of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993186.1

Exhibit ___4___, Page 35

1    property. I have personal knowledge of the matters to which I declare below, and, if called as a

2    witness, could and would testify competently to these matters.

3         2.    AllianceOne provides global receivables management and business process

4    solutions through specialized call centers for clients in the following markets: financial, credit

5    card, health care, utility, telecommunications, retail, and government.

6         3.    AllianceOne is incorporated in the state of Delaware.

7         4.    AllianceOne has call center facilities in the following states: Indiana, Minnesota,

8    Washington, Ohio, Pennsylvania, California and Arizona. AllianceOne also has three (3) call

9    centers in Canada and an off-shore branch in Jamaica.

10        5.    The corporate headquarters of AllianceOne is located at 4850 East Street Road,

11   Suite 300, Trevose, Pennsylvania. Company functions performed out of the corporate

12   headquarters include finance and accounting, human resources, payroll, IT, and data security.

13   Other corporate functions are performed out of Minnesota, including operations support, training

14   and recruiting, compliance, and business analytics. Other corporate functions are performed in

15   Washington and Utah, including legal. The Chief Executive Officer is located in Illinois. No

16   corporate functions are performed in California.

17        6.    As of December 31, 2007, AllianceOne employed 1979 full time equivalent

18   employees. 129 full time equivalent employees were located in California. There were more

19   employees in the following states: Minnesota, Washington, and Pennsylvania

20        7.    In 2007, AllianceOne had total revenues of $115,137,000. The California

21   revenues were $14,184,000. More revenues came from the following states: Minnesota,

22   Washington, and Pennsylvania.

23        8.    As of December 31, 2007, AllianceOne owned tangible property valued at a total

24   of $ 3,422,000. Tangible property in California was valued at $ 269,435. The value of the

25   property was higher in the following states: Minnesota, Washington, and Pennsylvania.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993186.1                                    2

1

2          I declare under penalty of perjury under the laws of the State of California that the

3    foregoing is true and correct.

4          Executed this 5 day of May 2008 at Miami, Florida.

5

6                              Harry Neerenberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993186.1                              3

DECLARATION OF HARRY NEEDRENBERG IN SUPPORT OF REMOVAL

Exhibit 4 , Page 37

FAXED

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Flores, Sonia

**DEFENDANTS**

'08 CV 0874 BTM POR

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    AllianceOne, Inc.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lynn H. Ball, 1560 Scott Street., San Diego, CA 92106
(T)619.225.1914; (F) 619.225.1720

Attorneys (If Known)

(SEE ATTACHMENT)

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | | |
|---|---|---|---|---|---|
| | | (For Diversity Cases Only) | | | |

| | | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| | | | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. Section 1441(b)

Brief description of cause:  Wrongful termination

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 500,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE                                      DOCKET NUMBER

DATE   05/16/2008   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 150984   AMOUNT $350—   APPLYING IFP                 JUDGE            MAG. JUDGE

AB 05/15/08



CP

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 150984    — MB

# May 15, 2008
# 16:07:32

# Civ Fil Non-Pris
USAO #.: 08CV0874 CIVIL FILING
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC68876

# Total—> $350.00

FROM: FLORES, SONIA VS
      ALLIANCE ONE INC