MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: 650.843.4000
Fax: 650.843.4001
Email: mriechert@morganlewis.com

ROBERT J. HUDOCK, State Bar No. 208633
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
Email: rhudock@morganlewis.com

Attorneys for Defendant
AllianceOne, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA FLORES,<br><br>            Plaintiff,<br><br>     vs.<br><br>ALLIANCEONE, INC., Does I through V,<br><br>            Defendants. | Case No. 08 CV 0874 BTM POR<br><br>**PROPOSED DISCOVERY PLAN** |

Pursuant to Fed.R.Civ.P. 26(f), a telephone conference was held on July 3, 2008 and was attended by:

  Robert J. Hudock, counsel for Defendant AllianceOne, Inc.

  Lynn H. Ball, counsel for Plaintiff Sonia Flores

  **1.**  **Pre-Discovery Disclosures.** Pursuant to the Court's Order, the parties exchanged the information required by Rule 26(a)(1) on July 23, 2008. Defendant contends Plaintiff's disclosures are incomplete and insufficient under Rule 26(a)(1).

///

///

**2.     Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    a.     Discovery will be needed on the following subjects:

<u>Plaintiff</u>

- Questions regarding the relationship between seniority at the company and transfer of senior personnel to alternative jobs when restructuring takes place.
- Questions regarding favoritism of males over females for supervisory and executive positions when females have same or similar education, qualifications and experience as males.
- Question regarding a hostile work environment when male supervisors and executives show favoritism to younger, attractive females as opposed to older workers, both male and female.
- Questions regarding verbal promises and commitments made to Sonia Flores by male supervisors and executives.

<u>Defendant</u>

- Plaintiff's complaints to Defendant regarding allegedly unlawful activities occurring in the workplace while Plaintiff was employed with Defendant.
- Facts and circumstances in connection with alleged sexual harassment and/or discrimination occurring in the workplace while Plaintiff was employed with Defendant.
- The public policy or policies Defendant allegedly violated by selecting Plaintiff's position as one to be eliminated in connection with a reduction-in-force.
- As alleged in Plaintiffs' complaint, favoritism that Defendant or any of its representatives had towards "young, attractive females who flirt with male managers."
- Defendants alleged communications to Plaintiff that Plaintiff perceived as promises of termination only for cause.

- Plaintiff's job positions, duties, and compensation while employed with Defendant.
- Plaintiff's work performance and evaluations of same while employed with Defendant.
- Plaintiff's employment or other work for remuneration after her employment with Defendant, and her efforts to secure same.
- Any contracts or agreements Plaintiff had or has with Defendant.

b.  At this time, the parties do not anticipate the need for electronic discovery.

c.  The parties have agreed to an order regarding the protection of documents produced in discovery as set forth in the Stipulation and [Proposed] Protective Order attached hereto as Exhibit "1."

d.  At this time, the parties do not anticipate the need for expert testimony.

e.  The parties do not seek any changes to the Rule 26 limits on number of interrogatories, number of requests for admission, or length of depositions. Plaintiff has not yet determined how many witnesses she will call or how many of Defendant's employees she will seek to depose, so a proposed maximum number of depositions cannot be determined at this time.

f.  Supplementations under Rule 26(e) due on October 23, 2008.

g.  All discovery will be commenced in time to be completed by November 28, 2008.

3.  **Other Items.**

a.  Plaintiff should be allowed until August 29, 2008 to join additional parties and amend the pleadings.
Defendant should be allowed until September 5, 2008 to join additional parties and amend the pleadings.

b.  All potentially dispositive motions should be filed by December 19, 2008.

c.  The parties request a pretrial conference in January 2009.

d.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    from Plaintiff by January 26, 2009

    from Defendant by January 30, 2009

e.  Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

f.  The case should be ready for trial by February 16, 2009 and at this time is expected to take approximately 5 days.

Dated: August 4, 2008

MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT
ROBERT J. HUDOCK

By  /s/ Robert Hudock
    Robert J. Hudock
    Attorneys for Defendant
    AllianceOne, Inc.

LYNN H. BALL

By  /s/ Lynn Ball
    Lynn H. Ball
    Attorney for Plaintiff
    Sonia Flores

**EXHIBIT 1**

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2212
   Tel: 650.843.4000
4  Fax: 650.843.4001
   Email: mriechert@morganlewis.com
5
   ROBERT J. HUDOCK, State Bar No. 208633
6  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
7  Twenty-Second Floor
   Los Angeles, CA 90071-3132
8  Tel: 213.612.2500
   Fax: 213.612.2501
9  Email: rhudock@morganlewis.com

10 Attorneys for Defendant
   AllianceOne, Inc.
11
                    UNITED STATES DISTRICT COURT
12
                    SOUTHERN DISTRICT OF CALIFORNIA
13

14
15 SONIA FLORES,                        Case No. 08 CV 0874 BTM POR

16         Plaintiff,                   **STIPULATION AND [PROPOSED]
                                        PROTECTIVE ORDER**
17   vs.

18 ALLIANCEONE, INC., Does I through V,

19         Defendants.

20 IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-

21 captioned matter, and by and between their undersigned counsel, that:

22         "Confidential Material" shall include the documents and other material identified as such

23 in accordance with paragraphs 3-5 below. "Confidential Material" shall be accorded the

24 protections referred to in paragraphs 6-12 of this Order.

25         "Action" or "this action" shall refer to the above-captioned action and to no other action.

26         1.      Any party may in good faith designate as Confidential Material, and

27 subject to this Stipulation and Protective Order, any document, information, or material that is

28 either; (a) produced during discovery proceedings in this action; (b) included in an order of this

DB2/20766702.1                    Exhibit 1, Page 5     STIPULATION AND [PROPOSED]
                                                        PROTECTIVE ORDER

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Court; or (c) generated by a party in this action, including but not limited to, answers to
2  interrogatories and responses to any request for the production of documents and which constitute
3  or contain proprietary or sensitive business, personal, or personnel information, or private
4  information regarding, or received by, any current or former employee of Defendant AllianceOne,
5  Inc., or any extracts or summaries thereof.

6  2.  Acceptance by any party of discovery material designated as "Confidential
7  Material" shall not constitute a concession that any such discovery material is appropriately so
8  designated.

9  3.  (a) All documents, information, and other discovery materials shall be
10 treated as Confidential Material subject to this Confidentiality Agreement and Order without the
11 need for any designation until the end of the seventh day after the date on which it is/they are
12 produced.

13 (b) Documents and other discovery material may be designated as
14 Confidential Material: (i) by affixing a legend to every page of the document at the time of
15 production; (ii) by agreement in writing between the producing and receiving parties at any time;
16 (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph
17 4 below; or (iv) with respect to motion papers, in accordance with the procedures set forth in
18 Paragraph 5 below.  If the designation in question is disputed by the receiving party, then the
19 receiving party shall so notify the designating party in writing with ten (10) days of receipt of the
20 documents or other discovery materials.  The documents or discovery materials in dispute shall
21 remain Confidential Material subject to the terms of this Order.  If the parties are unable to
22 resolve their dispute, then either party may move the Court for an order approving or removing
23 the confidential designation, and the non-moving party may oppose such motion.  The designated
24 material shall be deemed Confidential Material until the issue is resolved by the Court.

25 4.  Any person giving deposition testimony in this action may, directly or
26 through counsel, designate his or her testimony or any portion thereof (including exhibits),
27 whether or not previously designated as Confidential Material, as Confidential Material by
28 advising the court reporter and all parties of such fact on the record during the deposition, or in

DB2/20766702.1                          2                    STIPULATION AND [PROPOSED]
                                                              PROTECTIVE ORDER

Exhibit 1, Page 6

1  writing at any time up to and including the seventh day after the date of receipt of the deposition
2  transcript. Deposition testimony shall automatically be deemed to be Confidential Material
3  subject to the terms of this Order until the end of the seventh day after the date of receipt of the
4  deposition transcript. In addition, any party may designate as Confidential Material, in
5  accordance with paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action.
6  All copies of deposition transcripts designated as or containing Confidential Material shall be
7  prominently marked "Confidential" on the cover thereof. If this designation is disputed by the
8  receiving party, then the receiving party shall so notify the designating party in writing. The
9  deposition testimony in dispute shall remain Confidential subject to the terms of this Order. If the
10 parties are unable to resolve their dispute, then either party may move the Court for an order
11 approving or removing the confidential designation and the non-moving party may oppose such
12 motion. The designated material shall be deemed Confidential Material until the issue is resolved
13 by the Court.

14         5.      All Confidential Material shall be used only for the purposes of this action
15 and shall not be used for any other purpose except upon written consent of the designating party
16 or order of this Court, unless the Confidential Material was obtained lawfully and independently
17 of the designating party.

18         6.      Confidential Material shall be held in confidence and shall not be
19 intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any
20 person or entity other than:

21         (a) the Court in this action;

22         (b) counsel for any party retained in or working on the prosecution,
23 defense, or settlement of this action including co-counsel and counsel employed directly by any
24 party;

25         (c) employees of counsel and persons assigned to assist counsel in the
26 prosecution, defense, or settlement of this action; and

27         (d) witnesses, experts, and consultants, but only to the extent reasonably
28 deemed necessary by counsel for the prosecution, defense, or settlement of this action <u>and</u> only if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20766702.1                    3                    STIPULATION AND [PROPOSED]
                                                       PROTECTIVE ORDER

Exhibit 1, Page 7

1  the witnesses, experts, and consultants sign the Confidentiality Agreement.

2        7.    Any disputes between counsel regarding the scope of Confidential Material
3  will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly
4  to review and resolve informally issues centering on Confidential Material. If such meeting fails
5  to resolve any disputes, the parties shall promptly seek the Court's assistance. Pending the
6  Court's resolution of such issues, such material shall remain designated as Confidential Material.

7        9.    Prior to the disclosure of any Confidential Material to Plaintiff, Defendant,
8  or any individual entitled to review such information pursuant to the provisions of the proceeding
9  paragraphs 6(a)-(d), such individual shall be provided with a copy of this Stipulation and
10 Protective Order and be instructed to read it. After such person has read the Agreement, he or she
11 shall be required to sign a copy of the attached Confidentiality Agreement acknowledging that he
12 or she shall abide by the terms of this Stipulation and Protective Order. The parties agree to
13 obtain and retain a signed copy of the attached Confidentiality Agreement from any individual,
14 including any nonparty deponents, to whom Confidential Material is disclosed.

15       10.    The inadvertent or unintentional disclosure by any party of Confidential
16 Material, regardless of whether the information was so designated at the time of the disclosure,
17 shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to
18 the specific information disclosed or as to any other information disclosed or as to any other
19 information relating thereto on the same or related subject matter.

20       11.    Nothing contained in this Stipulation and Protective Order shall affect or
21 restrict the rights of any party with respect to its own documents.

22       12.    A producing party may notify in writing the other party that documents that
23 should have been designated Confidential Material were inadvertently produced without being so
24 designated. Upon receiving such written notice from the producing party, the receiving party
25 shall thereafter treat the documents as Confidential Material pursuant to this Stipulation and
26 Protective Order.

27       13.    Upon final termination of this action, a party producing Confidential
28 Material may request the return or destruction of all such material and of other documents

1 containing information or data from the Confidential Material, and all copies thereof made by or
2 on behalf of the receiving parties, and the receiving parties shall comply with such request unless
3 otherwise ordered by the Court. Notwithstanding this provision, Counsel are entitled to retain an
4 archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or
5 attorney-work product, even if such materials contain Confidential Material. Any such archival
6 copies that contain or constitute Confidential Material remain subject to this Stipulation and
7 Protective Order. Moreover, any such Confidential Material shall not be used by counsel in any
8 way in any other matter, including in any other case, action, or proceeding.

14. The provisions of this Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Stipulation and Protective Order or any provision hereof.

15. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

16. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to apply to the Court for an order compelling production of documents; or for the modification or relaxation of this Order.

17. The Court may modify the Protective Order in the interest of justice or public policy.

Dated: August 4, 2008

MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT
ROBERT J. HUDOCK


By  /s/ Robert Hudock
    Robert J. Hudock
    Attorneys for Defendant
    AllianceOne, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20766702.1                    5                    STIPULATION AND [PROPOSED]
                                                       PROTECTIVE ORDER

Exhibit 1, Page 9

1  Dated: August 4, 2008                              LYNN H. BALL

2

3                                                      By  /s/ Lynn Ball
                                                          ─────────────────────────
4                                                         Lynn H. Ball
                                                          Attorneys for Plaintiff
5                                                         Sonia Flores

                                          **ORDER**
6
   IT IS SO ORDERED
7
   Dated: August ___, 2008
8

9                                                      ─────────────────────────
                                                       The Honorable Louisa S. Porter
10                                                     Judge of the United States District Court
                                                       Southern District of California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20766702.1                          6                      STIPULATION AND [PROPOSED]
                                                               PROTECTIVE ORDER

Exhibit 1, Page 10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA FLORES,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLIANCEONE, INC., Does I through V,<br><br>        Defendants. | Case No. 08 CV 0874 BTM POR<br><br>**CONFIDENTIALITY AGREEMENT**<br><br><br>Hon. Louisa S. Porter |

I have been provided with a copy of the annexed Stipulation and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed: _____

Name: _____

Title: _____

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

DB2/20766702.1

7

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Exhibit ___/___, Page ___/___/___

**PROOF OF SERVICE BY EMAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132.

On August 4, 2008, I served a copy of the within documents:

    PROPOSED DISCOVERY PLAN

by transmitting via electronic mail the document(s) listed above to each of the person(s) set forth below.

| | |
|---|---|
| Lynn H. Ball<br>1560 Scott Street<br>San Diego, California 92106<br>lhball@sbcglobal.net | Attorneys for Plaintiff Sonia Flores |

Executed on August 4, 2008, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

                                                 */s/ Yvonne Ceballos*
                                                 Yvonne Ceballos